IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY NEAL ARNOLD**, | : | **CIVIL ACTION NO. 1:14-CV-0345** |
| **Plaintiff** | : | **Chief Judge Conner** |
| v. | : | |
| **PRISON HEALTH SERVICES**, *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court in the above-captioned matter are motions (Docs. 34, 50) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Werner Eye Associates ("Werner"), Dr. Richard Lanning, M.D. ("Lanning"), Dr Steven N. Truong ("Truong"), Dr. Lawrence Ho ("Ho"), Dr. Michael Branch ("Branch"), Dr. Prensky ("Prensky"), Dr Thomas Pheasant ("Pheasant"), and Prison Health Services ("PHS"). Defendants seek dismissal of plaintiff inmate Rodney Neal Arnold's ("Arnold") civil rights complaint in which he alleges that while he was housed at the State Correctional Institution at Camp Hill (SCI Camp Hill) he was denied proper medical care in violation of the Eighth and Fourteenth Amendments of the United States Constitution.[1] For the reasons that follow, the motions (Docs. 34, 50) will granted in part and denied in part.

---

[1] Arnold is currently incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania.

**I.      Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as

true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

## II.     **Allegations of the Complaint**

Arnold alleges that while incarcerated at SCI Camp Hill between the dates of September 1, 2011 and June 15, 2013, defendants either delayed or denied treatment for his "badly infected" left eye.  (Doc. 30, ¶¶ 24-26, 28).  On various dates in September, November and December 2011 and January, February, March, May, November and December 2012, he was "sent out" to different doctors "who did nothing but get [his] eye more infected."  (Id. at ¶ 27).  Purportedly, several optometrists informed him that he "would never be able to see again out of his eye do [sic] to the complications of having the eye infected for such a long period of time leaving the retina to be detached."  (Id. at ¶ 30).  He reports suffering severe pain, headaches, insomnia, depression, and anxiety.  (Id. at ¶ 31).

In Counts I and II he claims that PHS and Werner violated his Eighth and Fourteenth Amendment rights in failing to provide prompt, adequate health care

"during the procedure of treatment of his left eye and have been deliberately indifferent for these reasons." (Id. at ¶¶ 14, 19, 33-38). He blames this failure on various policies, practices and customs of PHS and Werner including, *inter alia*, the failure to appropriately monitor and diagnose lab reports, failure to maintain adequate records, failure to timely treat serious medical ailments, failure to refer plaintiff for appropriate outside medical treatment, and failure to provide adequate follow-up treatment. (Id. at ¶¶ 14-15, 20-21).

In Counts III-VII, Arnold claims that defendants Lanning, Truong, Ho, Banach, Prensky, and Pheasant violated his Eighth and Fourteenth Amendment rights. Specifically, he alleges that he "suffered the harms and damages alleged herein above as a direct result of the polocies [sic], practices, acts and omisions [sic]" of defendants Lanning, Truong, Ho, Banach, Prensky, and Pheasant. (Id. at ¶¶ 39-56).

**III.   Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A.   Eighth Amendment

There is no doubt that the Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103–105 (1976). In order to set forth a cognizable claim, plaintiff must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). The "deliberate indifference" prong requires that the defendant actually know of and disregard "an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837. Circumstantial evidence can demonstrate subjective knowledge if it shows that the excessive risk was so obvious the official must have known about it. Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference where the prison official knew of a prisoner's need for medical treatment and intentionally refused to provide it, delayed necessary medical treatment for a non-medical reason, or prevented a prisoner from receiving needed or recommended medical treatment. Rouse, 182 F.3d at 197. Arnold's allegations that the policies, practices and customs of defendants in deliberately

5

delaying or denying him medical treatment are sufficient to state an Eighth Amendment claim.  Id.  (citing Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993); Monmouth Cnty. Corr. Institutional Inmates, 834 F.2d at 346–47).  Consequently, defendants' motions to dismiss the Eighth Amendment claims will be denied.

### B.     **Fourteenth Amendment**

Defendants argue that Arnold's Fourteenth Amendment claims are subject to dismissal pursuant to the "more-specific-provision" rule.  The court agrees.  In adopting the "more-specific-provision-rule" established in County of Sacramento v. Lewis, 523 U.S. 833, 843–44 (1998), the Third Circuit noted that "[u]nder this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (clarifying prior holing in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))."  Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260-61 (3d Cir. 2010).  Because the only allegations raised by Arnold fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, the more-specific-provision rule forecloses Arnold's Fourteenth Amendment claims.

**IV.**     **Conclusion**

For the reasons set forth above, the motions (Docs. 34, 50) to dismiss will be granted in part and denied in part.

An appropriate Order will issue.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     September 22, 2014