IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY NEAL ARNOLD,** | : | **CIVIL NO. 1:14-CV-0345** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PRISON HEALTH SERIVES,** *et al.,*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 13th day of February, 2015, upon consideration of plaintiff's motion (Doc. 70) for appointment of an expert witness, in which, based upon his *in forma pauperis* status, he "requests this Honorable Court to authorize the expenditure of funds not to exceed a sum certain… to enable [him] to obtain the services of a medical expert doctors [sic] opinion" to aid him in preparation of his case,[1] and it being well-settled that *pro se* inmate plaintiffs who are proceeding *in forma pauperis* have no entitlement to court-appointed medical expert witnesses as there is no statutory authority for payment of expert witness fees in civil suits for

---

[1] In his supporting affidavit, plaintiff' indicates that he has been subjected to "medical negligence and cruel and unusual punishment." (Doc. 71, ¶ 4). In the governing amended complaint (Doc. 30), however, plaintiff only alleges that "[t]his is an action under 42 U.S.C. 1983, seeking damages and other relief arising out of the violation of plaintiffs [sic] constitutional rights during a course of confinement within the Pennsylvania Prison System." (Doc. 30, p. 1).

damages, <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987), it is hereby

ORDERED that the motion (Doc. 70) is DENIED.

   /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania